IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LAWRENCE FAULKENBERRY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:15-cv-01089 |
| | § | |
| CALDWELL COUNTY, TEXAS | § | |
| CALDWELL COUNTY SHERIFF'S | § | |
| OFFICE, SERGEANT YOST, | § | |
| DEPUTY M. TAYLOR, AND | § | |
| DEPUTY HOUSETON, | § | |
| | § | |
| Defendants. | § | |

## **DEFENDANTS' ORIGINAL ANSWER AND JURY DEMAND**

TO THE HONORABLE JUDGE OF THIS COURT:

Defendants Caldwell County, Texas, Sergeant Dustin M. Yost, Deputy Michael Taylor and Deputy Houseton (hereinafter "Defendants") file this Original Answer and Jury Demand in Response to Plaintiff's Original Complaint. Defendants offer the following:

### I.   ANSWER

1. Pursuant to Rule 8(b), Federal Rules of Civil Procedure, and for the express purpose of requiring Plaintiff to meet his burden of proof herein, Defendants deny each and every allegation contained in Plaintiff's Original Complaint except those expressly admitted herein.

2. Defendants deny Plaintiff's allegations in their entirety in the Introductory Paragraph.

3. With regards to allegations contained in Paragraph Nos. 2, 4 through 6, such paragraphs identifying the parties require no response from Defendants.

4. Defendants deny that the Caldwell County Sheriff's Office is an entity that can be sued. *See* Paragraph 3. It is well-settled that a plaintiff may not bring a claim against a servient political agency or department unless such entity enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir.1991)(upholding the dismissal of Plaintiff's claim against the Pasadena Police Department based on Plaintiff's failure to show that the police department had a separate, jural existence, allowing it to sue and be sued); *see also, McCoy-Eddington v. Brazos Cnty*, 2007 WL 1217989, *2 (S.D.Tex.)(granting summary judgment for the Brazos County Juvenile Board and Brazos County Department of Juvenile Services because Plaintiff failed to show that either entity was independently subject to suit and were not proper parties to the suit).

5. Defendants admit that this Court has jurisdiction and that venue is appropriate in the Western District, Austin Division. Defendants deny the remaining allegations asserted in Paragraph Nos. 7 through 9.

6. With regards to the non-specific and unrelated generalized statements contained in Paragraph Nos. 10 through 11, such paragraphs require no response from Defendants. However, Defendants deny any allegations asserted in these paragraphs.

7. Defendants admit the allegations in Paragraph 12.

8. Defendants deny the allegations in Paragraph 13.

9. Defendants are without sufficient information to admit or deny the allegations in paragraph 14.

10. Defendants admit the allegations in paragraph 15, that they arrived at the scene and "Plaintiff's son goes out to meet the approaching Deputies." Defendants deny all other allegations in Paragraph 15.

11. Defendants deny the allegations in paragraph 16.

12. Defendants deny the allegations in paragraph 17.

13. Defendants deny the allegations in paragraph 18.

14. Defendants are without sufficient information to admit or deny the allegations in paragraph 19 concerning "Plaintiff's security system does not record sound." Defendants deny the remaining allegations in paragraph 19.

15. Defendants deny the allegations in paragraphs 20 - 21.

16. Defendants admit that Plaintiff was arrested and taken to the Caldwell County Jail. Defendants deny the remaining allegations in paragraph 22.

17. Defendants deny the remaining allegations in Plaintiff's Original Complaint.

18. Defendants specifically deny that they violated Plaintiff's Fourth and Fourteenth amendment rights or any other rights under the United States Constitution or the laws of the State of Texas.  Specifically, Defendants deny that they used excessive force and unreasonable seizure, fabricated criminal charges, unreasonable search – warrantless search of property as alleged in paragraphs 29 through 32.

19. Defendants specifically deny that Caldwell County's policies and practices "promote, condone, tolerate or permit the use of excessive force and other violations of civil rights in connection with arrests and detentions" as alleged in paragraphs 33 through 35.

20. Defendants specifically deny all of the alleged state law causes of action in paragraphs 36 through 39.

21. Defendants deny the remainder of the allegations in Plaintiff's Original Complaint and specifically deny that Plaintiff is entitled to any of the relief sought in this case including

monetary damages, declaratory relief and injunctive relief. Specifically, all relief and damages sought in Paragraphs 41 through 52 and 54.

## II.    AFFIRMATIVE DEFENSES

22. A suit against Defendants Yost, Taylor and Houseton in their official capacities is a suit against Caldwell County, Texas.

23. Defendants Yost, Taylor and Houseton assert that they were engaged in the exercise of discretionary duties at all times relevant to this litigation, and were acting within the course and scope of their duties as a law enforcement personnel employed by Caldwell County, Texas, with objectively reasonable expectation that their conduct, if any, was reasonable, lawful and necessary in light of all attendant circumstances. As such, Defendants Yost, Taylor and Houseton are entitled to assert the defense of qualified immunity.

24. Any and all force applied, if any, was based upon legal justification as defined by applicable law and was objectively reasonable and necessary in light of attendant circumstances.

25. Defendant Caldwell County asserts its entitlement to sovereign immunity as to all state law claims, if any, by Plaintiff because they do not fall within the narrow waiver of immunity created by the Texas Tort Claims Act.

26. Defendants assert all privileges and immunities available under federal or state law regarding the limitation of damages, if any.

27. Defendant Caldwell County asserts that Plaintiff has failed to state a policy, custom or practice of the County that violated any of Plaintiff's constitutional rights.

28. Defendants assert that the incident in question and any damages, if any, attributable to the same, were proximately caused by, and were the direct result of, wrongful or negligent conduct by the Plaintiff.

29. Defendants assert that Plaintiff's damages, if any, must be reduced by all applicable statutory caps, including but not limited to all relevant limitations upon damages contained in the Texas Tort Claims Act.

### III.   ATTORNEY'S FEES AND COSTS

30. This case is frivolous and wholly without merit. Defendants are entitled to an award of attorney's fees and costs.

### IV.   JURY DEMAND

31. Defendants respectfully demand a trial by jury in the foregoing cause of action.

### V.   PRAYER

32. WHEREFORE, PREMISES CONSIDERED, Defendants pray that the Court deny Plaintiff all relief, dismiss Plaintiff's claims in their entirety, and for such other relief as the court deems just and proper.

Respectfully submitted,

/s/ J. Eric Magee
J. Eric Magee
SBN: 24007585
e.magee@allison-bass.com

ALLISON, BASS & MAGEE, L.L.P.
A.O. Watson House
402 W. 12th Street
Austin, Texas 78701
(512) 482-0701 telephone
(512) 480-0902 facsimile

CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of January 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Trek Doyle
Doyle & Seelbach
12600 Hill Country Blvd. Suite R-275
Austin, Texas 78738

Malcolm S. Nettles
The Law Offices of Malcolm S. Nettles, P.C.
2909 Riviera Road
Austin, Texas 78733

*Attorneys for Plaintiff*

                                         /s/ J. Eric Magee
                                         J. Eric Magee